THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILLIAM IRIZARRY ET AL., Defendants and Appellants.

No. 8204. Argued June 20, 1940.—Decided June 28, 1940.

*Vicente Palés Matos* for appellants. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The appellants herein were prosecuted upon a complaint for a violation of section 4 of Act No. 25 of July 17, 1935 (Session Laws (2), p. 152), committed in the following manner:

"That on June 30, 1939, and in the town of Cabo Rojo, P. R., within the municipal judicial district of Cabo Rojo, P. R., which forms part of the judicial district of Mayagüez, P. R., the said defendants, William Irizarry and Félix Pellicier, did wilfully, maliciously, unlawfully, and knowingly operate the business, and circulate for the purpose of selling, tickets, paper slips, notes, or numbers through selling agents, the first of the defendants, that is, the defendant William Irizarry, as owner or director thereof, and the second defendant, that is, the defendant Félix Pellicier, as manager thereof, of a *'bolita'* or *'boli-pool'* bank called 'Ruiseñor,' which is a clandestine lottery expressly prohibited by law, which lottery was directed and managed and drawn and played on July 30, 1939, by the defendants herein, William Irizarry and Félix Pellicier, with knowledge that said tickets, notes, paper slips or numbers were used then and there in the illegal game of *'bolita'* or *'boli-pool,'* the first prize amounting to $100 to be awarded to such person or persons as might purchase the same and had or took the chance or hazard of obtaining the said prize if the number brought by such person or persons contained, in successive order, the last three digits of the number winning the first prize of the Dominican National Lottery, which is a clandestine lottery in Puerto Rico. . ."

The defendants demurred on the two following grounds:

1. That the complaint charges the accused with the commission of two distinct public offenses, to wit:

(a) Violation of section 4 of Act No. 25 of July 17, 1935.

(b) Violation of section 291 of the Penal Code.

2. That the complaint does not conform in substance to the requirements of sections 71, 72, and 73 of the Code of Criminal Procedure of Puerto Rico.

After the demurrer was overruled and the case was tried *de novo* in the District Court of Mayagüez, the latter found the defendants guilty of the crime of violating the *Boli-pool* Act, and sentenced them to pay a fine of $200 and, in default of such payment, to be confined four months in jail.

In the present appeal it is urged that the lower court erred: (1) in overruling the demurrer; and (2) in finding the defendants "guilty of a violation of the *Boli-pool* Act," instead of finding them guilty of a violation of Act No. 25 of July 17, 1935, and specifying the violated section.

█ Section 4 of the cited act, which is the one alleged to have been violated by the defendants, in its pertinent part reads as follows:

"Section 4.—Every person caught carrying or conveying any slip of paper, note, ticket, notebook, list of numbers, or implements, knowing that the same are used for the illegal games of '*bolita*', '*boli-pool*', clandestine combinations related to the *pools* of the hippodromes of Puerto Rico, and clandestine lotteries; and every person who buys them or any other similar ones which are proved to represent any ticket, chance, share, or interest in said illegal games or connected with the playing thereof, shall be immediately arrested, . . . ; and every owner, proxy, agent, person in charge, director, or manager of the games prohibited by this Act shall, upon conviction, be punished by a fine not less than one hundred (100) dollars nor more than two hundred (200) dollars, or by imprisonment in jail for a term of not less than sixty (60) days nor more than four (4) months; . . ."

Section 291 of the Penal Code reads thus:

"Sec. 291. A lottery is any scheme for the disposal or distribution of money or property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share or interest in such money or property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, or gift enterprise, or by whatever name the same may be known."

As may be seen, section 4, *supra,* prohibits and punishes: (*a*) the carrying of notes, tickets, or paper slips knowing that the same are used for the illegal games known as *"bolita," "boli-pool,"* "clandestine combinations related to the pools of the hippodromes," and "clandestine lotteries"; (*b*) the sale of notes, tickets, or paper slips representing any share or interest in said illegal games; and (*c*) to be the owner, proxy, agent, person in charge, director, or manager of any of said prohibited games.

In the complaint in the case at bar the charge is made that Irizarry is the owner or director, and Pellicier the manager, "of a *'bolita'* or *'boli-pool'* bank called 'Ruiseñor,'" which is a clandestine lottery expressly prohibited by law; and they are both charged with circulating for the purpose of selling, tickets, paper slips, notes, or numbers of said clandestine lottery. The complaint sets forth a detailed description of the scheme, method, or *modus operandi* which the defendants employed for determining who was to be the person entitled to receive the prize offered. For that purpose there was to be used the weekly drawing made by the Dominican National Lottery. The facts stated in the complaint are more than sufficient to inform the defendants that the only crime charged against them is that of being, one of them the owner and the other the manager, of a clandestine lottery, and to have circulated for the purpose of selling tickets of that lottery. See *People* v. *Cintrón,* 52 P.R.R. 322.

The assertion of the appellants that in the complaint they are charged with: (1) being the owner and manager of the *bolita* or *boli-pool* called "Ruiseñor," and (2) having a clandestine lottery, is not correct. The exact words of the complaint are as follows:

". . . the first of the defendants, . . . William Irizarry, as owner or director thereof, and the second of the defendants, that is, the defendant Félix Pellicier, as manager thereof, *of a bolita or boli-pool bank, called 'Ruiseñor,' which is a clandestine lottery expressly prohibited by law. . .*"

The appellants argue that the complaint filed against them "is a minute and detailed description of a 'lottery' (section 291 of the Penal Code), since each and every one of the elements constituting this offense are incorporated in the complaint"; and that the acts charged can not be punished as a violation of section 4 of Act No. 25 of 1935, *supra,* as it is not in that law but in sections 291 and 292 of the Penal Code where the illegal game of lottery is defined and punished.

It is true that said Act No. 25 of 1935 does not contain a definition of "clandestine lotteries." Nor does it define "*bolita*," "*boli-pool*," or "clandestine combinations related to *pools* of the hippodromes of Puerto Rico." In its section 1 it declares the games "general known" by those names to be a public nuisance. Let us see, then, what is generally known as a "clandestine lottery."

"LOTTERY (LOTERÍA).—Generically, a game similar to raffle (*rifa*), of money or various objects. . .

"As a legal term, lottery is a game of chance falling within the sanctions of the Penal Code." *Enciclopedia Jurídica Española*, vol. 21, p. 483.

"LOTTERY (LOTERÍA). A species of raffle played for merchandise, tickets, money, or other things under public authority. A public game in which various sums are awarded to certain tickets drawn by chance from among other numerous tickets which are sold." *Diccionario de la Lengua Española* (1936), p. 787.

"CLANDESTINE (CLANDESTINO, NA). (L. *clandestinus*, fr. *clam*, secretly, covertly.) Adj. Secret, concealed. It is generally applied

to what is done or said secretly for fear of the law or in order to avoid it." *Diccionario de la Lengua Española* (1936), p. 300.

We agree with the appellants that the illegal game which is described in the complaint is the one generally known as "clandestine lottery," and that the defendants could have been prosecuted for a violation of section 291 of the Penal Code. The complaint sets forth all the essential elements of the crime: chance or hazard, consideration, and prize. See *People* v. *Swiggett*, 37 P.R.R. 845, *People* v. *Torres*, 40 P.R.R. 241.

In our judgment, all the games specifically prohibited and punished by section 4 of Act No. 25 of 1935, may be prosecuted and punished, at the option of the district attorney, under that act or under section 291 of the Penal Code, provided there is involved any scheme for the distribution of money or property, by chance, among persons who have purchased numbers or tickets for the drawing, upon the understanding that the prizes are to be awarded by lot. No matter what the prohibited scheme or game is called. If the elements of "chance," "consideration," and "prize" are present, the scheme falls within the prohibition of the cited section of the Penal Code.

In order that the lottery scheme or game may be considered as a violation of section 291 of the Penal Code, it is not necessary that the drawing of the prizes should be made to depend upon the drawing of a lottery legally established in the Island or in some place abroad, nor that any particular scheme or system be followed in awarding the prizes. Thus in *People* v. *Martínez*, 23 P.R.R. 212, where it was alleged that the defendant had organized a scheme for the distribution of money by lot among persons participating in the game who agreed to pay 10 cents for each chance, hoping to receive a prize which amounted to $700, all depending upon certain races being run on the race track in San Juan, it was held that the complaint charged an offense under sections 291 and 292 of the Penal Code. In *People* v. *Torres, supra,*

it was declared that a complaint which substantially charges the defendant with conducting transactions by means of a slot machine wherein the elements of chance, consideration, and prize play an important part, sufficiently alleges the offense punished by section 291 of the Penal Code. The same conclusion was reached in *People* v. *Rodríguez,* 43 P.R.R. 11.

The lower court did not err in holding that the complaint was valid and sufficient.

 The second assignment lacks importance. The question raised therein was considered and decided adversely to the contentions of the appellants in *People* v. *Cruz,* 53 P.R.R. 505. The error committed is harmless, and can be cured by modifying the judgment appealed from so that it will read in its pertinent part, thus:

"Both parties having introduced their evidence, the court is of the opinion that the law and the facts are against the defendants, whom it finds guilty of the crime of violating section 4 of Act No. 25 of July 17, 1935, and it sentences each of them to pay a fine of $200 and, in default of such payment, to be imprisoned for four months in jail, and further to pay the costs. They shall be credited with the time spent in jail prior to conviction."

And as so modified, the judgment is affirmed.